```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

JOSE A. TORRES,
    Petitioner,

  v.                                    CIVIL ACTION NO.
                                        15-11901-IT

CAROL HIGGINS O'BRIEN,
COMMISSIONER; AND
LISA MITCHELL,
SUPERINTENDENT,
    Respondents.

## PROCEDURAL ORDER

### July 10, 2017

**BOWLER, U.S.M.J.**

In this habeas petition filed under 28 U.S.C. § 2254 ("section 2254"), petitioner Jose A. Torres ("petitioner") attacks an August 2009 first degree murder conviction in Massachusetts Superior Court (Suffolk County). The petition raises six grounds for relief. (Docket Entry # 1, pp. 6-7). Respondents Carol Higgins O'Brien, Commissioner of the Massachusetts Department of Correction, and Lisa Mitchell, Superintendent of Old Colony Correctional Center, ("respondents")[1] argue that petitioner waived all of the grounds

---

[1] Section 2243 of Title 28 of the United States Code mandates that a section 2254 petition "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. A petitioner's "proper custodian for purposes of habeas review is the warden of the facility where he is being held." Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000). Hence, Carol Higgins O'Brien is not a proper respondent.

for relief except for the claim that petitioner briefs, namely, a due process claim based on a deficient manslaughter instruction. (Docket Entry # 41, pp. 9-11).

Filed by counsel, the petition identifies the factual basis for each ground in an attached "Statement of Facts Relating to Grounds" (Docket Entry # 1, pp. 10-42), which also includes scattered references to constitutional amendments and cases (Docket Entry # 1, pp. 19, 28, 30, 32, 33). The petition asks that, "The Court allow petitioner sufficient time to brief the issues of law raised by this petition." (Docket Entry # 1, p. 8). Accordingly, the court set a briefing schedule allowing petitioner up to and including April 15, 2016 to file a memorandum in support of the petition. (Docket Entry ## 29, 36).

The memorandum in support addresses only the due process claim in ground four regarding the deficient manslaughter instruction.[2] (Docket Entry # 32). The memorandum provides ample legal support for this claim along with a summary of the facts to support it. (Docket Entry # 32). In a footnote, petitioner represents that, "Although this memorandum addresses only one claim, none of the others are intentionally waived." (Docket Entry # 32, n.1). In their opposition, respondents disagree. Petitioner's reply memorandum does not refer to the

---

[2] Ground four also contains an ineffective assistance of counsel claim. (Docket Entry # 1, pp. 6, 25-26).

waiver argument and again addresses only the due process claim based on the deficient manslaughter instruction. Accordingly, respondents' argument that petitioner waived all of the other, omitted claims has merit. See Powell v. Tompkins, 783 F.3d 332, 349 (1st Cir. 2015) (petitioner's failure "to indicate how [claim] is 'contrary to, or involved an unreasonable application of, clearly established Federal law,'" and failure to "cite to any Supreme Court authority" or "grapple with the SJC's analysis" resulted in waiver), cert. denied, 136 S. Ct. 1448 (2016); Watkins v. Ponte, 987 F.2d 27, 31 (1st Cir. 1993) (petitioner waived argument, even though "he claims that the argument was implicit in his Memorandum," because he "did not argue the exception at the hearing before the district court"); Perkins v. Russo, Civil Action No. 02-10460-MLW, 2007 WL 2507741, *3 (D. Mass. Aug. 31, 2007).

Out of an abundance of caution, however, this court will provide petitioner one more opportunity to address the omitted claims on the merits. Accordingly, in the event petitioner wishes to press grounds one, two, three, five and/or six or the ineffective assistance of counsel claim in ground four, he should file a memorandum on or before July 31, 2017 that sets out: (1) the factual basis for the ground; and (2) the legal basis for the ground, including citation to relevant authority. The brief is limited to 20 pages, double spaced, without incorporations by

reference.

                                                         /s/ Marianne B. Bowler  
                                                **MARIANNE B. BOWLER**  
                                                United States Magistrate Judge