UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE A. TORRES,
    Petitioner,


    v.                                      CIVIL ACTION NO.
                                                15-11901-IT

CAROL HIGGINS O'BRIEN,
Commissioner;[1] LISA MITCHELL,
Superintendent of Old
Colony Correction Center; and
MAURA HEALY, Attorney General
of the State of Massachusetts,
    Respondents.

**MEMORANDUM AND ORDER RE:**
**PETITIONER'S MOTION FOR PERMISSION TO FILE**
**TRANSCRIPT OF JURY INSTRUCTIONS**
**IN COMMONWEALTH V. TASSINARI**
**(DOCKET ENTRY # 48)**

**September 14, 2018**


**BOWLER, U.S.M.J.**

In this habeas petition filed under 28 U.S.C. § 2254, petitioner Jose A. Torres ("petitioner"), an inmate at Old Colony Correctional Center ("OCCC") in Bridgewater, Massachusetts, seeks to expand the record to include a transcript of jury instructions used in Commonwealth v. Tassinari, 995 N.E.2d 42 (Mass. 2013). (Docket Entry # 48). During oral argument, respondents Lisa Mitchell, Superintendent of OCCC, and Maura Healy, Attorney General of the State of Massachusetts,

---

[1] As previously explained, Carol Higgins O'Brien is not a proper respondent. (Docket Entry # 44).

("respondents") objected to the expansion of the record to include the transcript. (Docket Entry # 49).

DISCUSSION

The Supreme Court's decision in Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011), "makes clear that 'review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.'" Garuti v. Roden, 733 F.3d 18, 22 (1st Cir. 2013). "The same limitation applies to review under § 2254(d)(2)." Stote v. Roden, Civil Action No. 01-CV-12139-IT, 2017 WL 6559759, at *1 (D. Mass. Dec. 22, 2017) (citing Garuti, 733 F.3d at 23). Recognizing this limitation, petitioner states that he is *not* submitting the transcript of the jury instructions in Tassarini "as new evidence" and it "is *not* a document concerning the facts of the Torres case." (Docket Entry # 48) (emphasis added). Rather, he wishes to use the transcript to compare the instructions in Tassarini to the instructions in the case at bar in order to argue the distinctions to support an ineffective of counsel claim in ground four regarding counsel's failure to object to the manslaughter instructions. (Docket Entry # 48).

First, a comparison between the instructions in Tassarini and the instructions in the case at bar is not necessary to fully evaluate the ineffective assistance of counsel claim in ground four. Second, the focus of federal habeas review is the result

rather than the explanation or rationale used by the
Massachusetts Supreme Judicial Court ("SJC") to reject the
ineffective assistance of counsel claim.  See DiBenedetto v.
Hall, 272 F.3d 1, 6 (1st Cir. 2001) (when "state court has
addressed the federal constitutional issue, it is its ultimate
outcome, and not its rationalization, which is the focus");
Buckman v. Roden, Civil Action No. 13-CV-11413-IT, 2015 WL
1206348, at *3 (D. Mass. Mar. 17, 2015).

Here, the SJC in Torres cited the Tassarini decision for the
principle that an attorney's failure to object to a manslaughter
instruction that was nearly verbatim to the Massachusetts model
instruction was not ineffective performance.  Commonwealth v.
Torres, 14 N.E.3d 253, 263-64 (Mass. 2014).  The relevant portion
of the opinion, which depicts the reasoning and the rejection of
the claim, reads as follows:

> the judge's instruction on manslaughter was the model
> instruction.  Counsel's failure to object to the instruction
> was not ineffective assistance of counsel.  See Commonwealth
> v. Tassinari, 466 Mass. 340, 356-357, 995 N.E.2d 42 (2013)
> (manslaughter charge nearly verbatim to model instruction—no
> error).  Taken as a whole, we think the jury understood that
> a verdict of guilty of murder in the first degree required
> proof beyond a reasonable doubt of the absence of reasonable
> provocation and the heat of passion, and that there was no
> error as in Commonwealth v. Acevedo, 427 Mass. 714, 717, 695
> N.E.2d 1065 (1998).

Commonwealth v. Torres, 14 N.E.3d at 263-64.  Overall, the
inclusion of the transcript in the record would not materially
advance petitioner's ineffective assistance of counsel argument.

Moreover, because the focus is on the result, namely, the rejection of the ineffective assistance of counsel claim, consideration of the Tassarini instructions is neither necessary nor warranted.  For these reasons and those set out by respondents during oral argument, the motion lacks merit.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for permission to file the transcript of the instructions (Docket Entry # 48) is **DENIED**.


        __/s/ Marianne B. Bowler_____
        **MARIANNE B. BOWLER**
        United States Magistrate Judge